UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2005
Decided July 24, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 03-1516

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Central |
| | District of Illinois. |
| *v.* | |
| | No. 02 CR 30004 |
| BETTE J. PREE, also known as | |
| BETTS PREE, | Jeanne E. Scott, |
| *Defendant-Appellant.* | *Judge.* |

O R D E R

Bette J. Pree was indicted on one count of failing to file a tax return for the tax year 1994, in violation of 26 U.S.C. § 7203, and on two counts of filing false tax returns for the tax years 1995 and 1996, in violation of 26 U.S.C. § 7206(1). A jury acquitted her of the failure-to-file charge but found her guilty on both counts of falsifying her two subsequent tax returns. The district court sentenced her to 18 months' imprisonment, the low end of the range as recommended by the then-mandatory United States Sentencing Guidelines, to be followed by one year of supervised release. Relying on Guidelines § 5E1.1, the court also ordered, as a condition of her supervised release, that Ms. Pree pay taxes owed to the IRS in the amount of $38,852. *See* U.S.S.G. § 5E1.1.

        While Ms. Pree's first appeal to this court remained pending, the Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220 (2005), rendering the Sentencing Guidelines advisory. Retaining jurisdiction, we remanded Ms. Pree's case to ask whether the district court would have imposed the same condition of tax repayment upon Ms. Pree's supervised release had it understood the Guidelines to be advisory rather than mandatory. *See United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005). In an order entered July 28, 2005, the district court replied that, were it required to resentence Ms. Pree, it would not have imposed the same condition of supervised release. Accordingly, pursuant to *Paladino*, we vacate Ms. Pree's sentence and remand to the district court for resentencing.